UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUANE MICHAEL WOOD,

    Plaintiff,

v.                        Case No.:  2:25-cv-393-SPC-KCD

ARMOUR HEALTH LLC *et al.*,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Duane Michael Wood's Complaint (Doc. 1). Wood is a pretrial detainee in Lee County Jail, and he sues a slew of entities and a state official under 42 U.S.C. § 1983 and the Eighth Amendment. United States Magistrate Judge Kyle Dudek granted Wood leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

Wood's claim arose during a three-month term he served in Lee County Jail in 2018. Wood alleges he developed an ulcer because of medications prescribed by individuals working for Armor Health LLC and Lee County. Wood claims he experienced nausea, bloating, constipation, discomfort, and

pain for two to three months and requested medical care. He does not describe the treatment he received except for the prescriptions and an instance when an unnamed nurse accused him of malingering because his vitals were normal. Wood was hospitalized after his release from jail in September 2018 and eventually underwent surgery.

Wood's complaint is a shotgun pleading. The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit Court of Appeals has identified four types:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants

> without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23. The main problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. But shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

Wood sues Armor Health LLC, Lee County Office of Correction, Lee County Sheriff's Office, State of Florida, County of Lee, City of Fort Myers, Naphcare LLC, Trinity Food Services LLC, Florida Department of Corrections, and Clerk of Court Kevin Karnes. But the complaint does not make it clear why he sues each defendant. In fact, Wood fails to even mention some of them in his factual allegations. The complaint does not give the defendants fair notice of the claims against them.

The Court would normally give a plaintiff leave to amend a shotgun pleading, but that appears futile here because any claim Wood may have is time-barred. "The statute of limitations for a Section 1983 claim is governed by the forum state's residual personal injury statute of limitations." *Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1302-03 (11th Cir. 2022)

(internal quotation marks and citations omitted). In Florida, "such an action must be commenced within four years." *Id.* at 1303. The four-year period began to run "when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (internal quotation marks and citation omitted). The limitations period on any claim stemming from the medical care Wood received during the period described in Wood's complaint began to run in September 2018, at the latest. The time for Wood to file suit thus ended in September 2022.

Accordingly, it is

**ORDERED:**

Plaintiff Duane Michael Wood's Complaint (Doc. 1) is **DISMISSED** for failure to state a claim. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 20, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record